UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAPITAL ONE, NATIONAL ASSOCIATION,

               Plaintiff,

     -against-

THE HALLAND COMPANIES, LLC, NEIL
HAMBURGER, KATHLEEN HAMBURGER
and HALLAND COMPANIES NYC LLC,

               Defendants.
-------------------------------------------------------------X

**ORDER**
15-cv-5664 (SJF)(GRB)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 2 8 2017   ★

LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

     Plaintiff Capital One, National Association ("Plaintiff or "Capital One") commenced this breach of contract action against Defendants The Halland Companies, LLC, Neil Hamburger, Kathleen Hamburger, and Halland Companies NYC LLC (collectively, "Defendants"), seeking to recover one million, five hundred and twenty-five thousand dollars ($1,525,000.00) pursuant to a Loan and Promissory Note. *See* Docket Entry ("DE") [1]. On February 28, 2017, Plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, which this Court referred to Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether the motion should be granted. DE [49]. In a June 5, 2017 Report and Recommendation (the "Report"), Magistrate Judge Brown recommended that Capital One's motion for summary judgment be granted in its entirety. DE [59]. On June 19, 2017, Defendants filed a timely objection to Magistrate Judge Brown's Report, to which Plaintiff replied on June 30, 2017. DE [60], [61]. For the reasons set forth herein, Magistrate Judge Brown's Report is adopted in its entirety, and Capital One's motion for summary judgment is granted.

## I.  LEGAL STANDARD

### A.  <u>Review of a Magistrate Judge's Report</u>

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings on dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively.").  In reviewing a magistrate judge's report and recommendation, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.  *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal."  *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009).  Therefore, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Id.*  Similarly, where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the factual and legal bases supporting the findings are not clearly erroneous.  *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

### B.  <u>Summary Judgment</u>

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the burden of establishing that there are

no material facts that preclude judgment as a matter of law. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In deciding a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

## II. DISCUSSION

### A. <u>Relevant Procedural Background</u>

Although the facts are not discussed at length herein, as Defendants argue that they require further discovery pursuant to Fed. R. Civ. P. 56(d), the following procedural background provides

relevant context. The Court held an initial conference in this matter on February 2, 2016, and held further status conferences on March 17, 2016 and May 16, 2016. DE [11], [12], [18]. Although Plaintiff had served a motion for summary judgment on April 8, 2016, at the May 16, 2016 status conference, the Court held Plaintiff's motion in abeyance pending a status conference scheduled for June 28, 2016. DE [13], [20]. Following the April 17, 2016 death of Defendant Neil Hamburger ("Neil"), at a May 16, 2016 status conference, the Court ordered Defendants to produce: (i) a copy of Neil's death certificate; (ii) the identity of the executor of Neil's estate; (iii) copies of Defendants' last two (2) years of federal income tax returns; (iv) personal financial statements for Kathleen Hamburger ("Kathleen") and Neil; and (v) a list of current accounts receivable for The Halland Companies, LLC. DE [20]. The Court scheduled a further status conference for September 12, 2016. *Id.*

At the September 12, 2016 status conference, for the first time, Defendants "asserted that Kathleen Hamburger did not execute the 2014 Guaranty." DE [25]. Accordingly, the Court ordered that depositions of Kathleen and an agent from the loan servicer present when the 2014 Guaranty was signed were to be conducted by November 14, 2016.[1] DE [24]. Although Plaintiff disputed Defendants' assertion that Kathleen did not sign the 2014 Guaranty, on October 12, 2016, "in an abundance of caution," Plaintiff sought "leave to amend the Complaint to include additional guaranties dated August 26, 1996 and October 24, 1996 . . . which were signed in the presence of a notary public." DE [25]. Defendants did not oppose Capital One's motion, and Capital One filed its Amended Complaint on November 10, 2016. DE [26], [34]. After Plaintiff filed its Amended Complaint, the Court extended the deadline to conduct the depositions of Kathleen and

---

[1] Capitalized terms, including "2014 Guaranty" and "Prior Guaranties," are used as defined in Magistrate Judge Brown's Report.

an agent from the loan servicer to January 31, 2017. DE [39].

On January 24, 2017, Plaintiff served the instant motion for summary judgment on Defendants. DE [43]. On January 26, 2017, Capital One filed a motion seeking to stay discovery pending resolution of its motion for summary judgment, which Defendants opposed. DE [44], [45]. Plaintiff argued, *inter alia*, that even if the 2014 Guaranty were a forgery, as Defendants claimed, "it [did] not affect Kathleen's liability because Defendants admit the execution of the Additional Guarantees." DE [44]. In opposition, Defendants argued, *inter alia*, that a stay of discovery "would effect an unfair prejudice on Defendants with respect to Defendants' ability to demonstrate to the Court the existence of genuine issues of material fact in Defendants' opposition to [Capital One's] SJ motion." DE [45]. According to Defendants, "there are genuine issues of fact surrounding the purported execution of a Guaranty dated August 11, 2014 by Defendant Kathleen, and [Capital One's] new reliance on an 18 year old prior guarantee executed in favor of [Capital One's] predecessor, North Fork Bank." *Id.* On February 23, 2017, the Court granted Plaintiff's motion to stay discovery pending resolution of Capital One's motion for summary judgment, and, on February 28, 2017, Plaintiff filed the instant fully briefed motion with the Court. DE [48], [49].

## B. Defendants' Objections

In recommending that the Court grant Plaintiff's motion for summary judgment, Magistrate Judge Brown held that: (i) no genuine issues of fact exist with respect to the existence and amount of the debt at issue; and (ii) Defendants neither identify how certain discovery that they seek pursuant to Fed. R. Civ. P. 56(d) would create a genuine issue of fact nor explain why they had not yet obtained any such discovery. Report, DE [59], at 1. In their objection to the Report, Defendants argue that the discovery they seek "is necessary for Defendants to explore the existence

of a genuine issue of material fact." *See* Defendants' Objections to Report and Recommendation of Magistrate Judge ("Defs.' Obj."), DE [60], at 2. Defendants further argue that they are entitled to the discovery sought pursuant to Fed. R. Civ. P. 56(d) because they demonstrated: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why the affiant's efforts were unsuccessful." *Id.* at 4 (internal citation omitted). According to Defendants, Magistrate Judge Brown disregarded "salient facts and circumstances set forth in the Declaration of Kathleen Hamburger, which provide ample basis to allow the discovery Defendants seek pursuant to Fed. R. Civ. P. 56(d)." *Id.* at 1. Applying the standards outlined above, and for the reasons set forth herein, Defendants' objection to the Report are overruled and Capital One's motion for summary judgment is granted.

1. Rule 56(d) Legal Standard

Pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The party seeking additional discovery must demonstrate: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 606 (2d Cir. 2005). The court may grant a motion for summary judgment where a party seeking additional discovery pursuant to Fed. R. Civ. P. 56(b) "has not and cannot show how its requested discovery is 'reasonably expected to create a genuine issue of material fact,' as is necessary to obtain relief under Rule 56(d)." *Wells*

*Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*, No. 16 Civ. 6356, 2017 WL 2963501, at \*14 (S.D.N.Y. July 11, 2017) (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)). Furthermore, "[a] court may reject a request for additional discovery . . . if it deems the request to be based on speculation as to what potentially could be discovered." *Cavanagh v. Ford Motor Co.*, No. 13-CV-4584, 2017 WL 2805057, at \*9 (E.D.N.Y. June 9, 2017).

2. <u>Application</u>

As required pursuant to Fed. R. Civ. P. 56(d), in opposition to Plaintiff's motion for summary judgment, Defendants submitted, *inter alia*, the Declaration of Kathleen Hamburger, requesting that "the Court defer consideration of Plaintiff's motion for summary judgment pending the completion of the discovery sought by Defendants." *See* Declaration of Kathleen Hamburger ("Hamburger Decl."), DE [52], ¶ 3. According to Hamburger, her deposition and the deposition of Plaintiff's representative "have yet to occur, and Defendants have not had an opportunity to take discovery with respect to the issue of [her] purported signature of the 2014 Guaranty via a deposition of Plaintiff." *Id.* at ¶ 21. Defendants argue that this discovery is necessary "to answer significant questions regarding the facts and circumstances surrounding the execution of the 2014 Guaranty and why the Prior Guaranties were not initially part of Plaintiff's evidence-in-chief at the inception of the instant action." *See* Defs.' Obj. at 2. Therefore, Defendants seek to: (i) depose a representative of Plaintiff, as this Court previously ordered at the September 12, 2016 status conference; and (ii) receive documents demanded to be produced "by the witness as to the 2014 Guaranty, and the bank merger . . . ." Hamburger Decl. ¶¶ 5, 27, 34. Defendants claim that, despite their alleged diligence in seeking this discovery, their attempts have been unsuccessful "due to Plaintiff's motions and subsequent 11th-hour cancellation of previously scheduled depositions, and extensions of the Court directed deadline for such depositions." *Id.* at ¶ 36.

Even accepting Hamburger's representations and Defendants' objections as true, Defendants are not entitled to further discovery pursuant to Rule 56(d) because they have failed to demonstrate how the requested discovery is "reasonably expected to create a genuine issue of material fact." *Gurary*, 190 F.3d at 43. As an initial matter, to the extent that Defendants claim that this Court's September 12, 2016 Order regarding depositions demonstrates the necessity of such discovery, *see* Defs.' Obj. at 1, their argument lacks merit, as the Court issued its Order in response to Kathleen's assertion that she did not sign the 2014 Guaranty, and Plaintiff subsequently amended its Complaint to include the Prior Guaranties. DE [24], [34]. For similar reasons, there is no merit to Kathleen's assertion in her Declaration that "there exist genuine issues of material facts with respect to [her] execution of the 2014 Guaranty, and the sudden necessity of the 18 year old Prior Guaranties suddenly relied upon by Plaintiff," *see* Hamburger Decl. ¶ 28, as Plaintiff only relied upon the Prior Guaranties in response to Hamburger's assertion that her signature on the 2014 Guaranty was a forgery. *See* DE [25].

Furthermore, as an attachment to its Amended Complaint, and in support of its motion for summary judgment, Plaintiff submitted the Prior Guaranties, which are dated August 26, 1996 and October 24, 1996, and in which Kathleen personally guarantees the obligations at issue in this action. *See* Am. Compl., DE [34], Ex. D; *see also* Affidavit of Robert P. Harvey in Support of Motion for Summary Judgment ("Harvey Aff."), DE [49-13], Ex. C. Defendants neither question the authenticity of the Prior Guaranties nor dispute Kathleen's obligations arising thereunder. Rather, in their objection to the Report, Defendants argue that "the Prior Guaranties were ignored until Hamburger questioned the authenticity of the 2014 Guaranty," and that it is "unclear, at best, as to why Plaintiff necessitated a later guarantee in light of the Prior Guaranties." Defs.' Obj. at 3. According to Defendants, the discovery they seek may produce evidence as to "whether any

other documents and/or guaranties were executed between the time the Prior Guaranties were entered into and the time the 2014 Guaranties were purportedly entered into; whether any release occurred with respect to the Prior Guaranties; and whether Plaintiff had any discussions with respect to the Prior Guaranties with Defendants at the time the 2014 Guaranties were purportedly entered into." *Id.* at 4. However, as a party may not invoke Rule 56(d) "based on speculation as to what potentially could be discovered," *Cavanagh*, 2017 WL 2805057, at *9, and because Defendants fail to identify any documentation that may relieve Kathleen of her obligations arising under the Prior Guaranties, Defendants' argument lacks merit. *See Crye Precision LLC v. Duro Textiles, LLC*, --- F. App'x ---, 2017 WL 1735247, at *3 (2d Cir. May 3, 2017) (holding that the district court acted within its discretion in denying additional discovery where the discovery sought was "cumulative or unlikely to alter the outcome on summary judgment"); *In re Dana Corp.*, 574 F.3d 129, 148-49 (2d Cir. 2009) (holding that the district court acted within its discretion in denying additional discovery based upon the plaintiff's "bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party").

Defendants further argue that "Kathleen's involvement with Halland and Halland NYC was minimal at best, and on an 'as needed' basis to assist Neil during periods of his extreme illness in connection with his battle with cancer." Defs.' Obj. at 3. Accordingly, Defendants claim that "there would be no apparent reason for Kathleen to make any guaranties with respect to the financial obligations of Halland and Halland NYC." *Id.* at 4. As such, Defendants argue that there are "significant questions with respect to the execution of the Prior Guaranties and the facts and circumstances surrounding the same." *Id.* According to Defendants, "Plaintiff's subsequent reliance on nearly twenty (20) year old guaranties in lieu of more recent guaranties certainly raises significant questions as to the effectiveness and enforceability of such Prior Guaranties . . . ." *Id.*

at 5. However, as discussed above, Plaintiff only relied upon the Prior Guaranties "in lieu of more recent guaranties" when Kathleen questioned the authenticity of the 2014 Guaranty. Plaintiff submitted the Prior Guaranties both with the Amended Complaint and in support of its motion for summary judgment, and, unlike the 2014 Guaranty, Kathleen has not disputed the authenticity of the Prior Guaranties, either in her Answer to the Amended Complaint or in her declaration submitted in opposition to Plaintiff's motion for summary judgment. As Magistrate Judge Brown correctly observed in his Report, the Prior Guaranties—the authenticity of which have not been seriously disputed—are sufficient to demonstrate that "plaintiff is entitled to relief even in the absence of the proper execution" of the 2014 Guaranty. Report at 12.

Based upon the foregoing, Defendants have failed to demonstrate how the discovery they seek is reasonably expected to create a genuine issue of material fact. Therefore, Defendants' objection to Magistrate Judge Brown's Report is overruled.

### C. Remainder of the Report and Recommendation

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error. *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Brown's Report for clear error, and having found none, the Court adopts Magistrate Judge Brown's June 5, 2017 Report and Recommendation in its entirety. Therefore, Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 is granted.

## III.  CONCLUSION

For the reasons set forth herein, Magistrate Judge Brown's June 5, 2017 Report and Recommendation is adopted in its entirety and Plaintiff's motion for summary judgment is granted. The Clerk of the Court is directed to close this case and enter judgment against Defendants in the

amount of one million, five hundred and forty-five thousand, eight hundred and four dollars and seventeen cents ($1,545,804.17), which includes: (i) one million, five hundred and seven thousand, eight hundred and two dollars and seventeen cents ($1,507,802.17) in unpaid principal; and (ii) thirty eight thousand and two dollars ($38,002.00) in attorneys' fees and costs.

Dated: Central Islip, New York
       August 28, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge